UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STACY FASSBENDER, ET AL.                              CIVIL ACTION

VERSUS                                                NO. 11-111

LOUISIANA CITIZENS/FIRST                              SECTION "N" (5)
PREMIUM INSURANCE

**ORDER AND REASONS**

Before the Court is "Defendant, Southern Fidelity Insurance Company's Motion for Partial Summary Judgment Pursuant to Federal Rule of procedure Article 56(c)" (Rec. Doc. 8). This motion is opposed by Plaintiffs, Stacy Fassbender and Ronald J. Fassbender (hereinafter, "Plaintiffs"). (See Rec. Doc. 15). After considering the memoranda of the parties, the exhibits attached thereto, and the applicable law, the Court grants this motion in its entirety.

**I.   BACKGROUND**

Plaintiffs' immovable property located at 65 Verdie Street in Kenner, Louisiana, was allegedly damaged during Hurricane Gustav on September 1, 2008. At that time, Southern Fidelity Insurance Company ("SFIC") insured the Property under policy number FH 20071350320 01 ("the Policy"), effective May 22, 2008 to May 22, 2009. (Exhibit A to Rec. Doc. 8; Exhibit A-1 to Rec.

Doc. 8, p. 2 of 43).[1] The Policy provides a two year time deadline for individuals to file suit and states in pertinent part:

> **SECTION I – CONDITIONS**
>
> ...
>
> **G. Suit Against Us**
>
> No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of loss.

(Exhibit A-1 to Rec. Doc. 8, p. 21 of 43).

When Plaintiffs' negotiations with SFIC failed, they retained counsel and gave him the declarations page from the policy issued by LCPIC, failing to inform him of their negotiations with SFIC or of the Certification of Assumption. Thus, Plaintiffs' counsel filed suit on their behalf on

---

[1] The Policy was originally issued by Louisiana Citizens Property Insurance Corporation ("LCPIC") and was taken out from LCPIC by SFIC, via novation, thereby making SFIC solely responsible for the payment of claims under the Policy for the subject loss. (Exhibit A to Rec. Doc. 8). Plaintiffs, through the authority given to their insurance agent, allowed for their policy to be taken over from LCPIC to SFIC. (Exhibit A to Rec. Doc. 8). On May 21, 2008, LCPIC sent correspondence to Plaintiffs of the impending coverage transfer. (*Id.*) On June 1, 2008, SFIC sent Plaintiffs the Certificate of Assumption, stating specifically that:

> **ASSUMPTION - Southern Fidelity Insurance Company ("SFIC")** and Louisiana Citizens Property Insurance Corporation (Citizens) have entered into an agreement under which SFIC has assumed full responsibility for Citizen's (sic) obligations under certain policies of insurance issued by Citizens.
>
> **OBLIGATIONS** - SFIC is directly responsible for all covered losses under your policy, effective with the claim event occurrences beginning March 1, 2008 at 12:01 AM and continuing through the expirations date of your policy listed above.
>
> For claims occurring prior to 12:01 AM, March 1, 2008- Contract your agent at the number below.
>
> For claims occurring on or after 12:01 AM, March 1, 2008 – Contact SFIC at 866-874-7342 or your agent.

(Exhibit A-2 to Rec. Doc. 8).

September 1, 2010, in the Twenty- Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, Docket No. 692-029, naming LCPIC as the sole party defendant. (Exhibit A to Rec. Doc. 1).  Later,  when Plaintiffs' counsel learned of SFIC's involvement, he filed a Supplemental and Amending Petition for Damages, adding SFIC as a party defendant on December 8, 2010. SFIC received service through the Louisiana Secretary of State on December 28, 2010. (Exhibit B to Rec. Doc. 8).  SFIC timely removed this action to this Court on January 19, 2011, based on diversity jurisdiction. (Rec. Doc. 1).  SFIC claims in the instant motion that Plaintiffs' claims should be dismissed as a matter of law because they did not sue it within the two year prescriptive period.

**II.    DISCUSSION**

      **A.    Legal Standard**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265

(1986); see also *Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir.1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. 2553; see also *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir.2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir.2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001).  Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." See *id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that

evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075. Rather a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir.2002).

      **B.**     **Discussion**

SFIC argues that Plaintiffs' claims against it are prescribed. Both sides agree that this Court must review this motion and rule according to Louisiana state law and cases regarding prescription and interruption thereof. Indeed, in diversity cases federal courts apply state statutes of limitations and related state law governing the tolling of the limitation period. *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989). Prescription statutes require strict construction in favor of upholding the obligation sought to be extinguished. *Pitts v. Louisiana Citizens Property Ins. Corp.*, 2008-1024 (La.App. 4 Cir. 1/7/09), 4 So.3d 107, 109. The burden of proving prescription remains with the movant. *Id.*

Louisiana law provides, "[n]o insurance contract delivered or issued for delivery in this state ... shall contain any condition, stipulation, or agreement limiting right of action against the insurer to a period of less than twenty-four months next after the inception of the loss ..." La. Rev. Stat. 22:868(B). This provision was also set forth in the instant policy:

**SECTION I – CONDITIONS**

...

**G. Suit Against Us**

No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of loss.

(Exhibit A-1 to Rec. Doc. 8, p. 21 of 43

  SFIC argues that the claims against it have prescribed because, although the property damage was sustained on September 1, 2008, Plaintiffs did not file suit against SFIC until December of 2010, more than two years after the date of loss. The Court agrees with SFIC that Plaintiffs' claims against it have prescribed. Under Louisiana Civil Code article 3462, prescription is interrupted by the commencement of suit against the obligor in a court of competent jurisdiction and venue. Further, the interruption of prescription by suit against one solidary obligor is effective as to all solidary obligors. La. C. C. arts. 1799 and 3503. The same principle is applicable to joint tortfeasors. La. C. C. art 2324(C). However, it is well-established that a suit timely filed against one defendant does not interrupt prescription as against other defendants not timely sued, where the timely sued defendant is ultimately found not liable to plaintiffs, since no joint or solidary obligation would exist. *Spott v. Otis Elevator Co.*, 601 So.2d 1355 (La.1992). The Court agrees with SFIC that, because the timely-sued defendant, LCPIC, is not a proper party to this lawsuit, prescription against SFIC is not interrupted.

  Indeed, SFIC and LCPIC are not joint and solidary obligors. SFIC acquired the Policy via novation from LCPIC. Per the Certificate of Assumption, SFIC became solely responsible for all claims. (Exhibit A-2 to Rec. Doc. 8). SFIC is the only party that owed any duty or obligation to

Plaintiffs at the time of the loss, and Plaintiffs failed to bring a timely claim against SFIC, which is a completely separate and unrelated entity from LCPIC.

Plaintiffs argue that the December 2010 filing of suit against SFIC relates back to the initial filing of suit against the wrong defendant, LCPIC, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure[2], which allows a party to amend a pleading "despite an applicable statute of limitations in situations where the parties to litigation have been sufficiently put on notice of facts and claims which may give rise to future, related claims." *Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir.1994).

As the Fifth Circuit has explained, "the focus is 'not ... the caption given a particular cause of action, but ... the underlying facts upon which the cause of action is based.' " *Johnson v. Crown Enter., Inc.*, 398 F.3d 339, 342 (5th Cir.2005) (quoting *Watkins v. Lujan*, 922 F.2d 261, 265 (5th Cir.1991). " 'The purpose of the rule is accomplished if the initial complaint gives the defendant fair

---

[2]   Rule 15(c) of the Federal Rules of Civil Procedure provides:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> > (A) the law that provides the applicable statute of limitations allows relation back;
> >
> > (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; or
> >
> > (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> >
> > > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > >
> > > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

notice that litigation is arising out of a specific factual situation.' " *Id. (quoting Longbottom v. Swaby*, 397 F.2d 45, 48 (5th Cir.1968)).

Relation back "does not extend the limitations period, but merely recognizes that the purposes of the statute are accomplished by the filing of the initial pleading." *Kansa*, 20 F.3d at 1367. "Rule 15(c)'s relation back doctrine, though it has the ultimate effect of 'tolling' limitations, is considered by this court to be purely procedural and is thus governed by federal law." *Id.* at 1367 n. 4. (*citing Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir.), *cert. denied*, 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989) ("[F]ederal law regarding relation back of amendments to pleadings is controlling in diversity cases in federal court.")).

La. Civ. C. P. Article 1153 deals with "relation back." It provides as follows:

> When the action or defense asserted in the amended petition
> or answer arises out of the conduct, transaction, or occurrence
> set forth or attempted to be set forth in the original pleading,
> the amendment relates back to the date of filing the original
> pleading.

Following former F.R.C.P. 15 (c), the Louisiana Supreme Court in *Ray v. Alexandria Mall*, 434 So. 2d 1083 (La. 1983), set forth three prerequisites that must be met for an amendment to "relate back" to the filing of an original pleading. The *Ray* Court listed the prerequisites below as follows:

> An amendment under Rule 15 (c) which changes the identity of the party or parties sued relates back to the filing of the original pleading as long as three prerequisites are satisfied: (1) the amended claim must arise out of the same occurrence set forth in the original pleading; (2) the purported substitute defendant must have received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits; and (3) the purported substitute defendant must know or should have known that but for mistake concerning the identity of the proper parties, the action would have been brought against him. Rule 15 (c) alters the generally accepted rule that a new defendant may not be added after prescription has run, and the facts of each case must be viewed carefully subject to the following caveat: this rule does not apply where the amendment seeks to add new and unrelated

8

>defendants, since this would be tantamount to assertion of a new cause of action.

*Ray*, 434 So. 2d 1083, 1085-86 (La. 1983). Plaintiffs argue that the December 2010 amendment does not seek to add a new or different kind of claim. Both claims arose out of property damage caused by Hurricane Gustav to Plaintiffs' property. Plaintiffs further assert that, even if SFIC first received notice of the lawsuit on the day it was served (in December 2010), SFIC knew long before that time that settlement negotiations with its adjusters had reached an impasse. Plaintiffs assert, "[i]n the insurance claims industry, when claims do not settle, lawsuits many times follow. Since SFIC knew the Fassbenders' claims had not settled, SFIC had knowledge that the Fassbenders could very well sue it over SFIC's failure to pay." (Rec. Doc. 15, p. 4).

The Court disagrees with Plaintiffs' assertion that SFIC *should have suspected* that Plaintiffs *might* sue because claim settlement negotiations had reached an impasse. Plaintiffs seem to infer that, because SFIC had not heard from Plaintiffs following their stalled claim settlement negotiations, SFIC should have assumed it had, in fact, been sued, and contacted Plaintiffs to determine whether they had, perhaps, mistakenly filed suit against the wrong entity. This is an absurd argument. SFIC did not receive notice of the lawsuit until December 28, 2010, when it was served. (Exhibit A to Rec. Doc. 8, ¶12). Plaintiffs fail to offer any evidence to the contrary. Because this date was more then 24 months after the covered loss occurred, Plaintiffs' claims against SFIC are prescribed.

### III. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that **"Defendant, Southern Fidelity Insurance Company's Motion for Partial Summary Judgment Pursuant to Federal Rule of procedure Article 56(c)" (Rec. Doc. 8)** is **GRANTED** in its entirety. Thus, Plaintiffs' claims

against SFIC are hereby dismissed with prejudice, at Plaintiffs' costs.

New Orleans, Louisiana, this 1st day of July, 2011.

_____
KURT D. ENGELHARDT
United States District Judge